UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA BUSH,<br><br>  Plaintiff,<br><br>  v.<br><br>BRENNER CAR CREDIT, LLC d/b/a BRENNER CAR CREDIT OF CARLISLE,<br><br>  Defendants. | CIVIL ACTION NO. 1:25-cv-01224<br><br>(MEHALCHICK, J.) |

## MEMORANDUM

Plaintiff Sandra Bush ("Bush") initiated this action on June 7, 2025, by filing a complaint against Defendant Brenner Car Credit, LLC d/b/a Brenner Car Credit of Carlisle ("Brenner"). (Doc. 1). Before the Court is Bush's motion for default judgment (Doc. 7), filed on October 23, 2025, and Brenner's motion to set aside the Clerk of Court's entry of default (Doc. 9), filed on October 31, 2025. For the following reasons, Bush's motion for entry of default judgment (Doc. 7) will be **DENIED** and Brenner's motion to set aside the Clerk of Court's entry of default (Doc. 9) will be **GRANTED**.

I. **BACKGROUND AND PROCEDURAL HISTORY**

Following an administrative action based on the same events, on July 7, 2025, Bush filed a complaint and jury demand (the "complaint") against Brenner alleging gender discrimination, sexual harassment, and retaliation under Title VII and the Pennsylvania Human Relations Act. (Doc. 1, at 3-4, 7-11). Counsel for Bush was familiar with Brenner's counsel from the law firm of Smigel, Anderson & Sacks, LLP, particularly Stuart S. Sacks ("Sacks"), from the prior administrative proceedings. (Doc. 10, at 1). Bush's counsel reached

out to Sacks requesting acceptance of service of the complaint. (Doc. 10, at 1-2). On September 2, 2025, counsel for Brenner advised Bush's counsel as follows:

> Mr. Koller: My partner Stuart Sacks has asked me to become involved with the above matter. Our client has placed its insurance on notice of your client's claims and we are awaiting a coverage determination. If the company accepts service, it may appoint its own counsel to defend. Therefore, we are not in a position to accept service of the Complaint at this time. Please confirm receipt of this email.

(Doc. 10, at 2).

On September 22, 2025, counsel for Bush executed service by personally serving Brianna Smith, branch manager for Brenner. (Doc. 10, at 2; Doc. 12, at 4). Brenner did not advise its counsel that it had been personally served with the complaint. (Doc. 10, at 2). Bush filed a request for entry of default with the Court on October 17, 2025. (Doc. 12, at 4-5). On October 18, 2025, counsel for Bush mailed the request for entry of default to Brenner at the address of the dealership and at Brenner's corporate headquarters. (Doc. 12, at 4-5). The Clerk of Court entered default against Brenner on October 20, 2025. (Doc. 6). Brenner's counsel did not receive notice of service until the default notice was received by Brenner on October 22, 2025. (Doc. 10, at 2). Brenner filed an answer in this case on October 31, 2025. (Doc. 8).

## II. LEGAL STANDARD FOR DEFAULT JUDGMENT

Default judgments are governed by a two-step process set forth under Rule 55 of the Federal Rules of Civil Procedure. An entry of default by the Clerk of Court under Rule 55(a) is a prerequisite to a later entry of a default judgment under Rule 55(b). *See* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (3d ed. 2007) (noting that, "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)"). Once the Clerk of Court has entered a default, the party seeking the default may then move the court to enter a default judgment

2

under Rule 55(b)(2). Entry of default does not entitle a claimant to default judgment as a matter of right. 10 James Wm. Moore et al., Moore's Federal Practice § 55.31 (Matthew Bender ed. 2010). Indeed, it is well settled that decisions relating to the entry of default judgments are committed to the sound discretion of the district court. *See Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987).

Three factors control the exercise of the district court's discretion in assessing whether default judgment should be granted following the entry of default: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)). Even so, a court may "enter a default judgment based solely on the fact that the default occurred" without considering the *Chamberlain* factors if the defendant has been properly served but fails to appear, plead, or defend an action. *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

"A finding that default judgment is appropriate, however, is not the end of the inquiry." *Martin v. Nat'l Check Recovery Servs., LLC*, No. 1:12-cv-01230, 2016 WL 3670849, at *1 (M.D. Pa. July 11, 2016). Prior to entering a default judgment, the Court must also determine whether the "unchallenged facts constitute a legitimate cause of action." *See* Wright et al., at § 2688; *Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008) (stating that, "before granting a default judgment, the Court must . . . ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law'" (citations omitted)). In conducting this inquiry, "the well-pleaded, factual allegations of the complaint . . . are accepted as true and

treated as though they were established by proof." See *E. Elec. Corp. of N.J. v. Shoemaker Const. Co.*, 652 F. Supp. 2d 599, 605 (E.D. Pa. 2009) (citation omitted). While the Court must accept as true the well-pleaded factual allegations of the complaint, the Court need not accept the moving party's factual allegations or legal conclusions relating to the amount of damages. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

### III. DISCUSSION

Bush moves for the Court to enter a default judgment against Brenner (Doc. 7), while Brenner moves for the Court to set aside the Clerk of Court's entry of default. (Doc. 9). Brenner contends that the default entered against it should be removed because Bush is not prejudiced by removing the default; Brenner has a meritorious defense; and Brenner's failure to file an answer was an inadvertent mistake. (Doc. 10, at 2-3). Brenner explains that its failure to file an answer to the complaint was based in part on the understanding that Bush was holding off from serving the complaint until Brenner could determine the existence of insurance coverage. (Doc. 10, at 3). Bush counters that Brenner's failure to timely answer the complaint was not inadvertent and resulted in prejudice to her ability to litigate the claims. (Doc. 12, at 6-8).

Federal Rule of Civil Procedure 55(c) provides that, "[t]he court may set aside an entry of default for good cause . . ." Courts have broad discretion in deciding whether to set aside an entry of default. *Doe v. Hesketh*, 828 F.3d 159, 175 (3d Cir. 2016); *Momah v. Albert Einstein Med. Cntr.*, 161 F.R.D. 304, 307 (E.D. Pa. 1995) (citing *Hamilton v. Edell*, 67 F.R.D. 18, 20 (E.D. Pa. 1975)). Courts tend to disfavor the default procedure because the interests of justice are generally best served with a decision on the merits. *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982); *Medunic v. Lederer*, 533 F.2d 891, 893 (3d Cir. 1976); *Momah*, 161 F.R.D. at

307. "Thus, Rule 55(c) motions are construed liberally in favor of the movant." *Momah*, 161 F.R.D. at 307 (citing *Hamilton*, 67 F.R.D. at 20).

The Third Circuit has set forth three key factors to determine whether there is good cause to set aside an entry of default: (1) whether setting aside the default would prejudice the plaintiff; (2) whether defendant has asserted a meritorious defense; (3) the extent to which the defendant's culpability caused the default. *Hesketh*, 828 F.3d at 174-75; *Chamberlain*, 210 F.3d at 164; *Emasco Ins. Co.*, 834 F.2d at 83; *Farnese*, 687 F.2d at 764. The parties do not dispute the second factor, that Brenner has submitted a meritorious defense. (Doc. 10, at 3; Doc. 12, at 6-8; *see* Doc. 8). The Court will first address whether setting aside the Clerk of Court's entry of default will prejudice the plaintiff. Then the Cort will address whether the entry of default was caused by culpable conduct.

### A. B<span>USH</span> I<span>S</span> N<span>OT</span> P<span>REJUDICED</span> B<span>Y</span> S<span>ETTING</span> A<span>SIDE</span> E<span>NTRY OF</span> D<span>EFAULT</span>.

A. BUSH IS NOT PREJUDICED BY SETTING ASIDE ENTRY OF DEFAULT.

Brenner avers that prejudice to Bush would be minimal because there was only a brief period of delay between service of process and Brenner filing an answer to the complaint. (Doc. 10, at 3). Bush counters that her ability to litigate the claims becomes more difficult the longer it takes for Brenner to address the claims. (Doc. 12, at 6). Bush submits that she has faced general prejudice associated with delay in litigation, including the costs of preparing and serving the motion for default judgment. (Doc. 12, at 6).

Prejudice to a plaintiff "exists if circumstances have changed since entry of the default such that plaintiff's ability to litigate its claim is now impaired in some material way or if relevant evidence has become lost or unavailable." *Accu-Weather, Inc. v. Reuters Ltd.*, 779 F. Supp. 801, 802 (M.D. Pa. 1991) (citing *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987)). "Delay in realizing satisfaction on a claim rarely serves to establish [a

5

sufficient] degree of prejudice." *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656-57 (3d Cir. 1982).

While Brenner's failure to file a timely answer has subjected Bush to some delay and costs, nothing in this case indicates that Bush's overall ability to pursue her claims suffers. Bush only asserts the hours and costs lost in waiting to litigate the case. (Doc. 12, at 6). Bush has not provided any indication of material impairments to her ability to litigate, such as a loss of relevant evidence. *See Zawadski de Bueno*, 822 F.2d at 420; *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 122 (3d Cir. 1983); *Accu-Weather, Inc.*, 779 F. Supp. at 802. Therefore, the first factor, prejudice against Bush, weighs in favor of setting aside the entry of default against Brenner.

B. BRENNER DID NOT DEMONSTRATE CULPABLE CONDUCT.

Brenner contends that the Clerk's entry of default resulted from an inadvertent mistake not culpable conduct. (Doc. 10, at 3-4). Brenner explains that it was awaiting a response on the insurance coverage issue and was operating on an understanding that Bush's counsel was willing to wait to serve the complaint until Brenner's counsel was determined. (Doc. 10, at 3-4). Bush counters that Brenner's delay was more than inadvertent. Bush reasons that Brenner's failure to timely answer the complaint cannot be considered inadvertent because Brenner failed to provide any explanation as to the steps taken after receipt of service. (Doc. 12, at 7-8).

Culpable conduct is classified as "dilatory behavior that is willful or in bad faith." *Dizzley v. Friends Rehab. Program, Inc.*, 202 F.R.D. 146, 148 (E.D. Pa. 2001) (citing *Gross*, 700 F.2d at 124). "'Mere negligence' on the part of the defendant does not satisfy the culpability standard." *Daughtry v. Kauffman*, No. 3:17-CV-0442, 2019 WL 118600, at *3 (M.D. Pa. Jan.

6

7, 2019) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984)). Further, courts consider "the extent to which the error is attributable exclusively to defendant['s] counsel." *Momah*, 161 F.R.D. at 308 (citing *Interior Finish Contractors Assoc. v. Drywall Finishers Local Union No. 1955*, 625 F. Supp. 1233, 1239 (E.D. Pa. 1985)). Grounds sufficient to justify setting aside a default judgment under Rule 55(c) include "mistake, inadvertence, surprise, or excusable neglect" as well as "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The Third Circuit has found that breakdowns in communication between client and counsel and delayed efforts to appoint appropriate counsel do not constitute culpable conduct. *Gross*, 700 F.2d at 123-24; *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 343 (3d Cir. 1982).

      Brenner's actions in this matter did not rise to a level of culpable conduct. Brenner filed its answer on October 31, 2025 – 39 days after the date of service, 11 days after the Clerk of Court's entry of default, and 8 days after Bush filed the motion for entry of default judgment. (Doc. 12, at 5). Brenner explained that it was operating on an understanding that Bush would not serve the complaint until Brenner determined its counsel, which would be based on its insurance coverage determination. (Doc. 10, at 3). Unfortunately, Brenner informed Bush of the insurance coverage delay on the same day Bush effectuated service on Brenner. (Doc. 12, at 7). While Brenner's explanation for its failure to answer the complaint may demonstrate negligence that had a dilatory result, it does not demonstrate dilatory intent or bad faith. *See Gross*, 700 F.2d at 123-24 (finding no culpable conduct resulting from a breakdown in communication between client and counsel); *see Donnelly*, 677 F.2d at 343 (finding prior counsel's efforts to locate appropriate counsel for the case was not a willful or dilatory delay). Therefore, this factor weighs in favor of setting aside the entry of default. In exercising its broad discretion, the Court finds that, with a lack of material prejudice against Bush, a

meritorious defense already submitted by Brenner, and an absence of culpable conduct by Brenner, setting aside the entry of default to allow for a decision on the merits best serves the interest of justice. *See Farnese*, 687 F.2d at 764; *Medunic*, 533 F.2d at 893; *Momah*, 161 F.R.D. at 307.

IV. CONCLUSION

For the foregoing reasons, Bush's motion for entry of default judgment (Doc. 7) is **DENIED** and Brenner's motion to set aside the Clerk of Court's entry of default (Doc. 9) is **GRANTED**.

An appropriate Order follows.

Dated: January 15, 2026              *s/ Karoline Mehalchick*
                                     **KAROLINE MEHALCHICK**
                                     **United States District Judge**